IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01696-BNB

FREDDY LEE SLACK,

    Plaintiff,

v.

JACKIE JONES,
JOHN CARROLL,
LISA LEHN,
CAPTIN [sic] JOHN HYATT,
LT. JEFF HAWKIN,
MS. FULTON,
GLORIA MASTERSON, and
GARY K. WATKINS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2007

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Freddy Lee Slack, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Slack initiated the instant action by filing a *pro se* Prisoner Complaint for injunctive relief and money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Slack is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Slack will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that the Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Slack's Complaint is prolix, vague, and unintelligible. The Complaint does not include a short and plain statement of his claims showing that Plaintiff is entitled to

relief in this action. **See** Fed. R. Civ. P. 8(a)(2). In the Complaint, Mr. Slack appears to allege that he was unlawfully sent to the Colorado State Penitentiary where he is being poisoned and tortured. However, the Court is unable to determine what constitutional violations Plaintiff is attempting to assert other than possibly a violation of his Eighth Amendment rights because of the alleged poisoning and torture. As for Mr. Slack's claim that he was unlawfully sent to the Colorado State Penitentiary, the Court finds no basis for an alleged constitutional deprivation.

In order for Mr. Slack "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Slack must allege exactly who is responsible for the alleged torturing and poisoning he has had to endure while he has been housed at the Colorado State Penitentiary.

Personal participation by the named defendants is an essential allegation in a civil rights action. **See *Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ***Id.*** Mr. Slack must show that each defendant caused the deprivation of a federal right. **See *Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8 but that Mr. Slack should be given an opportunity to file an Amended Complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Slack file **within thirty days from the date of this Order** an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail a copy of the instant order and two copies of the Prisoner Complaint form to Mr. Slack at the **Colorado State Penitentiary**. It is

FURTHER ORDERED that Mr. Slack submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Slack fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order to

the Court's satisfaction the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the Clerk of the Court update the Docket to show that Mr. Slack's address is the Colorado State Penitentiary, P.O. Box 777, Cañon City, Colorado 81215.

DATED September 18, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01696-BNB

Freddy L. Slack
Prisoner No. 124715
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/18/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk