IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01696-EWN-KMT

FREDDY LEE SLACK,

    Plaintiff,

v.

JACKIE JONES,
JOHN CARROLL,
LISA LEHN,
CAPTIN [sic] JOHN HYATT,
LT. JEFF HAWKIN,
MS. FULTON,
GLORIA MASTERSON, and
GARY K. WATKINS,

    Defendants.

---

# ORDER

---

    This matter is before the court on the following motions:

1. Plaintiff's "Motion to be Moved to DRDC for Medical Treatment an [sic] Safety" (#20, filed December 12, 2007);
2. Plaintiff's "Motion to Have Samples of Poison in Food an [sic] DNA Blood Samples" (#21, filed December 12, 2007);
3. Plaintiff's "Motion of all My COPD Tapes at Fremont Prison an [sic] Colorado State Prison" (#23, filed December 12, 2007);
4. Plaintiff's "Motion to Have Mr. Mark J. Kappelhoff Sec. Chief Criminal Sec. Civil Rights Division at 950 Pennsylvania Ave Washington D.C. 20530" (#32, filed January 2, 2008);
5. Plaintiff's "Motion to Have National Association for the Advancement of Colorado People NAACP Dennis Courtland Hayes President an [sic] Chief Office

        Contact at 4805 Mt. Hope Drive Baltimore MD 21215-3297" (#33, filed January 2, 2008);

6. Plaintiff's "Motion for Grievance to Be Put in Records to Aid in My 1915 Part of My 1983 Civil Complaint" (#34, filed January 2, 2008);

7. Plaintiff's "Motion to have my Legal Mail from Mr. Gregory C. Langham Clerk Office 901-19th Street Room A-105 Denver CO 80294 an [sic] My Mail Out" (#37, filed January 7, 2008);

8. Plaintiff's "Motion to Have Captin [sic] John Hyatt Memorandum for 'RFP' Removal from Population Inmates Rules Enter as Evidence an [sic] Request to Move to Another Prison. Also Evidence AR 600-01, COPD Documents 060412" (#38, filed January 7, 2008);

9. Plaintiff's "Motion to Have all Hearing, Conference by Phone or in Person Out of CSP Colorado State Prison for My Safety Also Preliminarys [sic]" (#39, filed January 7, 2008);

10. Plaintiff's "Motion to Admit [sic] as Evidence Poison Samples an [sic] Blood DNA Samples" (#40, filed January 7, 2008);

11. Plaintiff's motion "To Have AR 600-01 for Nov-1-05 Enter as Evidence for Case 07-cv-01696-EWN-KLM, Due Process Rights Violations" (#48, filed February 4, 2008);

12. Plaintiff's motion "To Have All Legal Mail from United States District Courts Sent as Certify Legal Mail an [sic] to Have All Mail I Sent to United State District Courts, Chief Judge Nottingham, Gregory Langham, Motion, Letter as Certify" (#50, filed February 4, 2008);

13. Plaintiff's "Extension Motion to Admit [sic] Answer Brief Motion to Attorney General Jennifer S. Huss #36176 Motion to Dismiss Complaint" (#54, filed March 21, 2008);

14. Plaintiff's "Motion to Be Moved from Centennial Corrections Prison, CCF and More DNA Blood, Food Poison Samples Evidence" (#57, filed April 28, 2008); and

15. Plaintiff's "Motion to Be Removed from the O.M.I. Management Program at Centennial Correctional Facility for Safety from Being Murder an [sic] Violation of My 4th an [sic] 14th Amendments" (#60, filed June 4, 2008).

As to document numbers 20, 57, and 60, Plaintiff is requesting that the court order the Colorado Department of Corrections to move Plaintiff to a different facility for a variety of reasons, including for medical treatment, safety, and to prevent the alleged poisoning of his food. An inmate has no justifiable expectation that he will be incarcerated in any particular prison

within a state so as to implicate the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238 (1983). Placement decisions are left to the discretion of prison officials. *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). It is not in the court's discretion to decide at which facility a prisoner should be placed. Therefore, document numbers 20, 57, and 60 are DENIED.

As to document 21, Plaintiff requests the court: 1) order testing of samples of poison in his food and "blood DNA samples" sent to the court with is original complaint; 2) order the United States Marshal Service to pick up over 200 more samples he would like to send to the court to prove he is in imminent danger of serious physical injury; 3) order that he be moved to another prison; 4) order the United States Marshal Service to take pictures of the evidence in his cell so it will not be misplaced; and 5) contact Rev. Al Sharpton at National Action Network. As to the requests that the court order testing of the samples sent to the court, order the United States Marshal Service to pick up additional "samples" for safekeeping and/or testing, and order the United States Marshal Service to take pictures of his cell for evidentiary purposes, these requests are construed as requests for discovery. Fed. R. Civ. P. 26 provides the procedures for conducting discovery in civil cases. There is no provision in the rules that allows for the court to conduct discovery, and the court is not inclined to do so in this case. Therefore, these requests are DENIED. Insofar as the Plaintiff is requesting that the court move him to another facility, this request is DENIED for the reasons stated above. Finally, Plaintiff's request that the court contact Rev. Al Sharpton is DENIED. The court has no authority to contact individuals on Plaintiff's behalf. Therefore, document 21 is DENIED in its entirety.

As to document numbers 23, 34, 38, 40, and 48 the court construes them as additional requests that the court conduct discovery by providing him tapes of his disciplinary proceedings from Fremont Correctional Facility, by obtaining a copy of a grievance to place in his records regarding this case, and by obtaining a memorandum for removal from the population. These motions are DENIED for the reasons set forth above, as well as for vagueness. Plaintiff is directed to contact Defendants' counsel with further requests for discovery.

As to document numbers 32 and 33, the Plaintiff is requesting that the court contact individuals either to represent him or to investigate his case. Again, the court has no authority to contact individuals on Plaintiff's behalf. Therefore, documents 32 and 33 are DENIED. Any further requests from plaintiff will be summarily denied.

As to document numbers 37 and 50, the plaintiff is requesting that the court direct how the Colorado State Penitentiary direct and hand mail sent to Plaintiff by the court and to the court by Plaintiff, and that the court send all mail to Plaintiff by certified mail. The court will not make special provisions to send all mailings to Plaintiff by certified mail. In addition, the court declines to interfere in the day-to-day activities of prison administration. For these reasons, documents 37 and 50 are DENIED.

In document number 39, Plaintiff requests that the court allow Plaintiff to attend all hearings outside of the Colorado State Penitentiary. In addition, Plaintiff again asks to be placed at a facility other than Colorado State Penitentiary. Plaintiff's request to attend all hearings outside of the Colorado State Penitentiary is DENIED without prejudice as premature. At this time, there are no hearings or conferences scheduled. Plaintiff may renew this request if the

need arises.  Plaintiff's request that he be moved to a different facility is DENIED for the reasons set forth above.  Therefore, document number 39 is DENIED in its entirety.

Document number 54, is construed as a request to allow Plaintiff additional time to submit a further response to Defendants' motion to dismiss.  The court notes that Plaintiff submitted a response on February 29, 2008, which was beyond the time allowed for responding to the motion.  The document filed on March 21, 2008 (#53), the same date as the filing of this extension of time, appears identical to the response filed February 29, 2008.  The plaintiff did not request additional time to submit the response filed February 29, 2008, but the court will consider it in its determination of the motion to dismiss.  Therefore, the motion for extension of time (#54) is DENIED as moot.

Dated this 27th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge