IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01696-EWN-KMT

FREDDY LEE SLACK,

    Plaintiff,

v.

JACKIE JONES,
JOHN CARROLL,
LISA LEHN,
CAPTIN [sic] JOHN HYATT,
LT. JEFF HAWKIN,
MS. FULTON,
GLORIA MASTERSON, and
GARY K. WATKINS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Defendants' "Motion to Dismiss Complaint" (Doc. No. 28) filed December 17, 2007. Jurisdiction is premised upon 42 U.S.C. § 1983 (2007).

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff, an inmate with the Colorado Department of Corrections ("CDOC"), was, at all times relevant to this action, housed at the Fremont Correctional Facility ("FCF"). (Mot. to Dismiss Compl. at 1–2 [filed December 17, 2007] [hereinafter "Mot."].) He is currently housed at the Colorado State Penitentiary ("CSP")

in maximum administrative segregation. (*Id.* at 2.) Plaintiff has named as Defendants Jackie Jones, a case manager at FCF; John Carroll, an administrative segregation hearing officer for Plaintiff's COPD hearing; Lisa Lehn, a Code of Penal Discipline ("COPD") hearing officer at FCF; Captain John Hyatt, a COPD hearing officer at FCF; Lt. Jeff Hawkin, who served Plaintiff with notice of the charges against him at FCF; Ms. Fulton, a COPD hearing officer at FCF; Gloria Masterson, an administrative head at FCF; and Gary K. Watkins, the warden at FCF. (Prisoner Compl. at 1–3 [filed October 26, 2007] [hereinafter "Second Am. Compl."].)

In the "Nature of the Case" section of Plaintiff's second amended complaint, Plaintiff initially alleges violations of his First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendment rights; however, he then only asserts one claim for relief — violation of his substantive due process rights under the Fourteenth Amendment. (Second Am. Compl. at 4–5.) Plaintiff seeks money damages and injunctive relief. (*Id.* at 9.) Defendants move to dismiss on the grounds that 1) Plaintiff's claims are barred under the requirement of favorable termination pursuant to *Heck v. Humphrey*; and 2) Plaintiff has failed to allege personal participation by Defendants in any Eighth Amendment claim. (Mot. at 3–7.)

As an initial matter, the court notes that Plaintiff's second amended complaint is prolix, vague, and unintelligible, and does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. The court believes the case could be dismissed for this reason alone. However, the court will address the substantive motion to dismiss filed by Defendants.

*1.*     *Procedural History*

Plaintiff's filed his first Prisoner Complaint on August 10, 2007. ("Compl.") He filed an amended Prisoner Complaint on September 10, 2007. ("Am. Compl.") On September 18, 2007, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint complying with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and "explain[ing] what each defendant did to him []; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." (Order Directing Pl. to File Am. Compl. at 2–3 ["Order Am. Compl."].) Magistrate Judge Boland further advised Plaintiff to show personal participation by each of the named defendants. (*Id.* at 3.) On October 26, 2007, Plaintiff filed his second amended Prisoner Complaint. ("Second Am. Compl.") On December 17, 2007, Defendants filed their motion to dismiss the complaint. (Mot.) On February 29, 2008, Plaintiff filed his response. (Answer to Assistant Attorney General Jennifer S. Huss #36176 Mot. to Dismiss Compl., 07-cv-01696-EWN-KMT [hereinafter "Resp."].) Defendants did not file a reply. This motion is ripe for review and recommendation.

**STANDARD OF REVIEW**

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are

3

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new

"plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982))*. Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

**1.     *Plaintiff's Claims are Barred by the Favorable Termination Requirement of Heck v. Humphrey***

The Supreme Court has held that a person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest, and ultimately his conviction. *Heck*, 512 U.S. 477. The *Heck* Court explained that demonstrating that a conviction or sentence has been invalided could be done by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at

486–87 (footnote and citation omitted). In crafting this standard of proof, the Court drew an analogy to the "favorable termination" element in malicious prosecution actions. *See id.* at 484.

The Supreme Court evaluated the applicability of *Heck* to § 1983 claims implicating prison disciplinary convictions in *Edwards v. Balislok*, 520 U.S. 641 (1997). In *Edwards*, a prisoner claimed he was denied an opportunity to present a defense in a prison disciplinary hearing, and that the hearing officer who heard the disciplinary case was biased, resulting in his conviction of a disciplinary violation and a corresponding loss of good time credits. *Id.* at 646–47. The prisoner brought a § 1983 claim alleging a due process violation and seeking monetary damages, a declaratory judgment that the procedures violated due process, and injunctive relief. *Id.* at 644. The Court found the nature of the prisoner's challenge implicated the validity of the disciplinary conviction and the deprivation of the prisoner's good time credits. *Id.* at 646. As a result, as in *Heck*, the Court held the prisoner stated no cognizable § 1983 claim unless and until the underlying disciplinary conviction was resolved in the prisoner's favor. *Id.* at 646-47.

However, in *Muhammad v. Close*, the Supreme Court rejected the notion that *Heck* applies categorically to all suits challenging disciplinary proceedings. Instead, the requirement that a plaintiff obtain a "favorable termination" of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence, applies where "a prisoner's § 1983 damages action would implicitly question the validity of a conviction or duration of sentence." *Muhammad v. Close*, 540 U.S. 749,751 (2004). Favorable termination is not so much an element of a claim, but a prerequisite to commencement of § 1983 action which would

call into question the lawfulness of a conviction or confinement, including those reached in disciplinary proceedings. *Jones v. Lane*, No. 06-cv-00116-EWN-MEH, 2006 WL 4451913, at *5 (D. Colo. Oct. 4, 2006). The requirement of favorable termination prevents parallel litigation over the issues of probable cause and guilt, and the possible creation of conflicting resolutions arising out of the same or identical transactions. *Id.* (citing *Heck*, 512 U.S. at 484).

On December 29, 2005, Plaintiff sent a letter to the Fremont County, Colorado, District Court, which was construed by that court as a case and later dismissed because the plaintiff failed to pay the requisite filing fee.[1] In the case before Fremont County District Court, Plaintiff asserted, among other things, allegations regarding his COPD and administrative segregation classification. Plaintiff acknowledges that he filed a letter with the Fremont County District Court, but disputes that it was a civil case. (Resp. at 5.) The court agrees with Defendants and finds that Plaintiff has not received a "favorable termination" of his disciplinary actions at issue here. Because Plaintiff is unable to demonstrate a "favorable termination" as a prerequisite to commencement of this action under *Edwards v. Balisok*, this case should be dismissed as being barred under *Heck*.

Furthermore, Defendants argue correctly that a judgment in favor of Plaintiff would imply the invalidity of Plaintiff's COPD and maximum administrative segregation proceedings, and, therefore, his § 1983 claim for damages should be dismissed. In addition, Defendants

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The court will take judicial notice of the records contained in Fremont County Court case number 05cv533, attached as Exhibit 2 to Defendants' Motion to Dismiss.

argue, citing *Jones*, that Plaintiff's request for injunctive relief should also be dismissed by the court, since injunctive relief would also imply the invalidity of Plaintiff's prison proceedings. The court agrees.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss Complaint" (Doc. No. 28) be GRANTED.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge